## Lackawanna Election Inspectors.

*Election law—Election inspector—Appointment of—Member of board of health — Removal for disqualification — Acts of June 26, 1895, and May 16, 1921.*

1. Under the Act of June 26, 1895, P. L. 392, a member of a borough board of health is incapable of holding and exercising the office of inspector of election.

2. Under the Act of May 16, 1921, P. L. 618, where an election officer is disqualified, there, *ipso facto,* results a vacancy in the office which he is attempting to exercise, and without further proceeding the Court of Quarter Sessions may appoint a competent person to fill the vacancy.

Appointment of minority inspector of election. Q. S. Lackawanna Co., Nov. Sess., 1923, No. 301.

*W. G. Moser,* for petitioner.

*R. J. Bourke, D. J. Reedy* and *Clarence Balentine,* contra.

MAXEY, J., Nov. 5, 1923.—The above entitled proceedings were begun in the Court of Common Pleas of Lackawanna County, but it is hereby ordered that they be transferred to the Court of Quarter Sessions of said county.

The petition asks for the removal of Patrick O'Brien as minority inspector of election of the above district because the said Patrick O'Brien is a member of the Board of Health of the Borough of Archbald, Lackawanna County, Pennsylvania, in which said election district of the 3rd Ward of the Borough of Archbald is situated. The respondent demurs to the petition on the ground, first, that there is no constitutional or statutory provision for the removal of

an election officer by any summary proceeding; second, that the only remedy for the removal of an election officer or any officer is by writ of *quo warranto;* third, that the office of minority inspector is not incompatible with a member of the board of health of a borough; fourth, that there is no legal warrant or authority for the removal of the respondent.

We will first discuss the third reason. We think that there is no doubt that the office of minority inspector of election is incompatible with the office of member of the board of health of said borough. The Act of June 26, 1895, P. L. 392, provides, *inter alia,* that "Every person, excepting justices of the peace, who shall hold any office or appointment of profit or trust under the Government of the United States, or of this State, or of any city *or incorporated district,* whether a commissioned officer or otherwise, a subordinate officer or agent who is or who shall be employed under the legislative, executive or judiciary department of this State, or of the United States, or of any city or incorporated district, and also . . . every member of Congress and of the State Legislature, and of the select or common council of any city, or commissioners of any incorporated district, is, by law, incapable of holding or exercising at the same time the office or appointment of judge, inspector or clerk of any election of this Commonwealth."

The respondent being a member of the Board of Health of Archbald, and Archbald being an incorporated district of the Commonwealth, he is incapable of holding and exercising the office of inspector of election.

The question is now whether there is any constitutional or statutory provision for the removal of an election officer by summary proceedings. We think this question is settled by the Act of May 16, 1921, P. L. 618, which amends an earlier act. This Act of 1921 provides: "In all election districts where a vacancy exists by reason of the disqualification of the officer, or by removal, resignation, death or other cause, in an election board heretofore elected or appointed, or that may hereafter be elected or appointed, the judge or judges of the Court of Quarter Sessions of the proper county, upon proof furnished that such vacancy or vacancies exist, shall, at any time before any general, municipal or special election, appoint competent persons, who shall be of good character and known in the district where the vacancy occurs, to fill said vacancies to conduct the election in said districts; and in the appointment of the inspectors in any election district, both shall not be of the same political party, and the judge of election shall, in all cases, be of the political party having the majority of votes in said district."

This statute clearly implies that where an election officer is disqualified, there, *ipso facto,* results a vacancy in the office which said officer is attempting to exercise, and without further proceeding the Court of Quarter Sessions may appoint a competent person to fill said vacancy.

In taking the position that we do, we are following the precedent established by Newcomb, J., when he removed Patrick Kearney from the office of Judge of Election of the First District of the 1st Ward of the Borough of Archbald, on petition and rule, because said Kearney was the registrar of vital statistics of said borough.

Holding, as we do, that Patrick O'Brien is disqualified to serve as an inspector of election in said election district of the 3rd Ward of the Borough of Archbald, a resulting vacancy exists by reason of such disqualification, and, therefore, now, to wit, Nov. 5, 1923, Henry Hofsommer, a competent person, of good character and known in the district where the vacancy occurs, is appointed to fill said vacancy and to serve as minority inspector of election for the 3rd Ward of the Borough of Archbald.

From John G. McAskie, Scranton, Pa.